# CIRCUIT COURT OF LOUDOUN COUNTY

James W. Falls, II,
and Melinda M. Falls,
Co-Administrators and
Co-Personal Representatives
of the Estate of
Robert Kenneth Falls

v.

Williams Dairy, Inc., et al.

March 13, 1997

Case No. (Law) 16703

BY JUDGE JAMES H. CHAMBLIN

At argument on March 7, 1997, on the Plaintiff's Motion to Compel as to their Interrogatory No. 9, counsel agreed that it could be construed as a request to identify and describe all witness statements obtained by the insurance company for the Defendant, Williams Dairy, Inc., after the incident in which the Plaintiffs' decedent was killed, but before this suit was filed. The Defendant objects to answering the interrogatory on the ground that such statements are protected by the work product doctrine as having been taken in anticipation of litigation.

Following the reasoning of Judge Horne as set forth in his opinion dated January 15, 1997, in *Larson v. McGuire*, At Law No. 17857, Circuit Court of Loudoun County, I find that any such statements were obtained in anticipation of litigation and are protected under the work product doctrine. I further find that the Plaintiffs have not shown to the Court a substantial need of such statements or that they are unable without undue hardship to obtain the substantial equivalent by other means. Rule 4:1(b)(3) Rules of the Supreme

Court of Virginia. Therefore, the Motion to Compel is denied as to Interrogatory No. 9. This ruling would also apply to any Request for Production of Documents propounded by the Plaintiffs and similarly objected to by the Defendant.

Upon being advised that the Plaintiffs' decedent died after falling into a manure pit on the Defendant's farm, an insurance adjuster could reasonably foresee litigation for wrongful death. Given the litigious nature of today's society, if insurance coverage is involved and a death is anything other than natural, then it is reasonably foreseeable that litigation will occur. Hence, any witness statements taken by the Defendant's insurance adjuster were taken in anticipation of litigation.

During argument, Mr. Love presented nothing to show a substantial need for such statements. He mentioned inconsistent statements as a possibility, but he offered nothing to indicate that inconsistent statements may exist.